[No. 13215. Department One. August 14, 1916.]

NELLIE HUNTER, *Respondent*, v. C. L. BYRON *et al.*, *Appellants.*[1]

CONTRACTS — EXECUTION — SIGNATURE — ACCEPTANCE. Defendant's signed written contract agreeing to secure lands to be patented to the plaintiff, delivered to and accepted by plaintiff, is binding without plaintiff's signature.

SAME — VALIDITY — FRAUD — LEGALITY OF OBJECT — ESTOPPEL. Defendant's written contract to secure patent to lands for plaintiff, reciting a paid consideration of $500 which was to be returned in case title failed, cannot be defeated by showing that it was fraudulently given to be used by plaintiff to induce other locators to make $500 cash payments in similar contracts, while plaintiff paid out but $150 in cash, where plaintiff had no such fraudulent motive and was to and did pay the $350 balance by rendering services in securing other locators; as defendant is estopped to plead his own fraud.

SAME — PERFORMANCE OR BREACH — ACTIONS — EVIDENCE. A *prima facie* case for the recovery of money paid on a contract is made where plaintiff produced the written contract agreeing to return $500 paid in case title failed through no fault of hers, coupled with evidence that title had failed without her fault.

Appeal from a judgment of the superior court for King county, Smith, J., entered June 28, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*P. V. Davis*, for appellants.

*F. E. Brightman* and *Arthur E. Campbell*, for respondent.

[1]Reported in 159 Pac. 703.

ELLIS, J.—Plaintiff sued on two causes of action. The cause was tried to the court without a jury. With the second cause of action we are not concerned, since the court made no findings and entered no judgment thereon and plaintiff has not appealed.

For her first cause of action, plaintiff alleged that, on May 1, 1914, she entered into a written contract with defendant C. L. Byron, acting for himself and the marital community consisting of himself and defendant Minnie Byron, whereby he, in consideration of $1,000, agreed to secure for plaintiff title from the United States to certain described lands; that in the contract Byron acknowledged receipt of $500 of the agreed consideration, and was to receive the other $500 when plaintiff received patent for the land; that in the contract Byron further stipulated that if, through no fault of her own, plaintiff failed to secure title to the land, he would repay to her all moneys he had received under the contract. It is further alleged that, through no fault of her own, plaintiff is unable to obtain title to the land; that she has demanded the return of the $500; that defendants have refused to repay any sum except $60, and that there is due to plaintiff $440 on this first cause of action.

Defendants answered denying any indebtedness to plaintiff, and as an affirmative defense, alleging that, on April 29, 1914, the parties entered into a written contract in terms the same as that set up in the complaint, save that the sum paid by plaintiff on the execution of the contract and receipt of which by defendant was therein acknowledged was $150, the balance of $850 to be paid when patent issued. It is further alleged that, long prior to the time when patent could have been secured, plaintiff became dissatisfied and defendant C. L. Byron repaid to her the sum of $150 on her request. Plaintiff replied admitting the execution of the contract set up in the affirmative defense and alleging that it was cancelled by the substituted contract of May 1, 1914, pleaded in the complaint. The court found for plaintiff on the first

cause of action and entered judgment thereon in her favor for $350 and costs. Defendants appeal.

The several assignments of error are all directed to the claim that the evidence does not sustain the findings and judgment.

The court found, in substance, that the contract of April 29 was superseded by that of May 1, and that of the $500 mentioned in the latter as paid, $150 was paid in money and $350 by services rendered by respondent in obtaining other locators for appellant C. L. Byron; that respondent had been unable to obtain title to the land, and that appellant Byron had repaid her the sum of $150, and no more.

The evidence is clear that the contract of May 1, 1914, was not signed by respondent, but it is equally clear that it was delivered to her by C. L. Byron and that it was accepted by her. Having accepted it, her own signature was not essential. It is also clear that respondent, about the time of the transaction here involved, did considerable work for Byron in securing other locators under an agreement with him to pay her for so doing. This was admitted by Byron in his own testimony, but he claims to have paid her for all such services. The evidence, however, is far from convincing that he ever paid her any sum in excess of the $150, which he admits she paid to his attorney in connection with her own location.

Appellants' main defense was that the contract of May 1, 1914, was given respondent solely to use in inducing other locators to make cash payments of $500 each by leading them to believe that she herself had paid that sum for securing her own location. It is true that Byron and an attorney whom he had employed in making locations in the Roseburg district in Oregon so testified. It is also true that respondent frankly admitted that Byron suggested such use of the contract at the time and that she afterwards so used it, but she denied emphatically that such was its sole purpose. The

trial court was of the opinion—and so are we—that appellant should not be permitted to defeat his own solemn written contract by saying that it was given solely for this fraudulent and deceitful use. He is estopped thus brazenly to assert his own covinous purpose. No such estoppel can be invoked against respondent. She at least admits no deceitful motive. If in fact she paid, either in money or services or both, the sum of $500, her use of the contract to secure other locators contained no element of fraud or deceit.

Respondent made a *prima facie* case when she produced the contract of May 1, 1914, in which Byron acknowledged receipt of the $500 and agreed to repay it if she failed to secure the land, coupled with the evidence that she had so failed through no fault of hers. The very character of appellants' main defense shows a moral obliquity which weakens the credibility of his entire defensive testimony. While respondent's testimony was not entirely clear, it was not so tainted.

We find no such preponderance of evidence against the court's findings as to furnish a warrant for disturbing them.

Judgment affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.